***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Griffin with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Commission and the Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated, and there is no questions as to misjoinder or nonjoinder of all parties.
3. The parties were subject to the Workers' Compensation Act at the time of the alleged injury.
4. An employer-employee relationship existed between the parties at the time of the alleged injury.
5. The employer in this case is The Cedars of Chapel Hill Club, Inc. (hereinafter referred to as "The Cedars") and the carrier liable on the risk is Cincinnati Casualty Company.
6. At the time of plaintiff's alleged injury, her average weekly wage was $551.94, which yields a compensation rate of $367.98.
7. Plaintiff sustained a compensable neck and low back strain on September 30, 2007, while employed as a certified nursing assistant (CNA) by The Cedars.
 ***********
The following were submitted to the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit Number 1, Pre-Trial Agreement
2. Stipulated Exhibit Number 2, Print-Out of Medical and Indemnity Payments
3. Stipulated Exhibit Number 3, Medical Records
4. Stipulated Exhibit Number 4, Rehabilitation Records
5. Stipulated Exhibit Number 5, Industrial Commission Forms
 *********** *Page 3 
The following were submitted to the Commission as:
 ISSUES
1. Whether plaintiff sustained compensable injuries to body parts other than the neck and low back on September 30, 2007?
2. Whether plaintiff unjustifiably refused suitable employment when she refused to return to a pre-maximum medical improvement rehabilitative position on February 11, 2008, offered by employer?
3. Whether defendants have overpaid compensation to plaintiff since February 11, 2008, and are, thus, entitled to a credit for the same against any future award of ?
4. Whether plaintiff is owed any additional compensation under the Act?
 *********** MOTION TO SUBMIT ADDITIONAL EVIDENCE
At hearing before the Full Commission, counsel for defendants moved to submit the October 9, 2009 report of Scott Sanitate, M.D. The Full Commission, in its discretion, hereby grants defendants' motion and admits the October 9, 2009 report of Dr. Sanitate into the record.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed as a CNA by defendant-employer on September 30, 2007, when she sustained a compensable specific traumatic incident, causing injury to her neck and low back. *Page 4 
2. On October 3, 2007, plaintiff initially treated with Dr. David Musante at Triangle Orthopaedic Associates. Dr. Musante believed plaintiff had suffered a simple strain, and took plaintiff out of work through October 7, 2007. Dr. Musante released plaintiff to light-duty work on October 8, 2007, with a return to full-duty work on October 15, 2007.
3. Defendants authorized plaintiff to treat with Dr. Daniel Albright of Raleigh Orthopaedic Clinic. Dr. Albright recommended conservative treatment, including physical therapy and return-to-work testing. As of February 5, 2008, plaintiff had attended 7 out of 12 physical therapy sessions.
4. Dr. Albright stated on February 5, 2008, that plaintiff's physical examination was difficult to interpret, and that she did not appear interested in returning to work. He recommended work conditioning and stated his belief that he could not discern whether plaintiff's pathology was organic and nonorganic. Dr. Albright also recommended a lumbar MRI scan.
5. On February 5, 2008, Dr. Albright approved a pre-maximum medical improvement rehabilitative light-duty job description provided by defendant-employer as being "well within" plaintiff's sedentary restrictions.
6. On February 27, 2008, plaintiff's lumbar MRI revealed no abnormality.
7. Defendant-Employer, through Medical Case Manager Heather Ward, offered plaintiff the light-duty position approved by Dr. Albright. Ms. Ward provided the offer to plaintiff by letter, which requested that plaintiff return to work on February 11, 2009, at 9:00 a.m. Plaintiff failed to return to work at that time.
8. Plaintiff unjustifiably refused suitable employment by not returning to work with defendant-employer on February 11, 2009. *Page 5 
9. Without the knowledge or authorization of defendants, plaintiff obtained an independent medical evaluation (IME) with Dr. Gilbert Whitmer. Plaintiff reported that she had severe pain in virtually all body parts, and that she was severely limited in her range of motion. Dr. Whitmer recommended a cervical MRI scan, as he was concerned about cervical disc pathology. Rather than await the results of a cervical MRI scan, Dr. Whitmer assigned plaintiff a thirteen percent (13%) permanent partial impairment rating, as well as light-duty restrictions.
10. On May 20, 2008, plaintiff returned to Dr. Albright with defendants' authorization. Dr. Albright reviewed Dr. Whitmer's opinion and had no objection to a cervical MRI scan. Dr. Albright was of the opinion that the cervical MRI scan would be normal, and stated that if the cervical MRI scan was indeed normal, plaintiff would be released with a zero percent (0%) permanent partial disability rating if there were no objective findings of organic pathology. Dr. Albright further indicated that plaintiff had become "threatening and aggressive" and was discharged from his care.
11. On June 13, 2008, plaintiff underwent a cervical MRI, which was normal. Dr. Albright prepared a "special note" on July 8, 2008, indicating that plaintiff had a zero percent (0%) permanent partial disability rating and could return to regular work without restrictions. Dr. Albright released plaintiff from his care.
12. The Deputy Commissioner heard this claim on July 23, 2008. At the conclusion of the testimony, the Deputy Commissioner ordered defendants to authorize plaintiff to undergo a second opinion evaluation with a physician of her choice. As documented by the medical case management records, plaintiff had considerable difficulty locating a physician who would agree to perform a second opinion rating evaluation. Dr. Scott Sanitate of Cary Orthopaedic Clinic finally agreed to perform the evaluation. *Page 6 
13. On October 9, 2009, Dr. Sanitate evaluated plaintiff. Dr. Sanitate's opinion was that "restrictions appear unnecessary, further diagnostics unnecessary, despite her complaints being two years in duration, permanency is unlikely. Her physical exam did not point to pathology that would be permanent in a 23-year old. Providing a rating for chronic mechanical low back pain in the 0-3% range would be appropriate."
14. Based on a review of all the competent medical evidence, the Full Commission assigns greater weight to the consistent medical opinions of Dr. Albright and Dr. Sanitate in assessing plaintiff's permanent partial disability and permanent work restrictions than to the inconsistent opinions rendered by Dr. Whitmer.
15. The Full Commission finds that plaintiff refused suitable employment by not returning to work at a position approved by her treating physician and made available to her on February 11, 2008.
16. The Full Commission finds that plaintiff was released to return to work without restrictions on July 8, 2008, and any diminution in wage earning capacity after said date is not related to plaintiff's compensable injury by accident of September 30, 2007.
17. Based on a review of the permanent partial disability ratings assigned by Dr. Albright and Dr. Sanitate, the Full Commission finds that plaintiff suffers from a 1.5% permanent partial impairment of the back.
18. The Full Commission finds that plaintiff has reached maximum medical improvement, suffers from no permanent restrictions, and is not in need of any additional medical treatment or diagnostic testing. *Page 7 
19. On April 3, 2009, Special Deputy Commissioner Meredith R. Henderson approved defendants' Form 24 Application suspending plaintiff's temporary total disability benefits as of February 13, 2008 the filing date of the Form 24 Application.
20. Defendants overpaid plaintiff weekly benefits totaling $2,628.43 from February 13, 2008, through April 3, 2008.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On September 30, 2007, plaintiff sustained a compensable specific traumatic incident to her neck and low back arising out of and in the course of her employment as a CNA when she tripped on a rug and fell. N.C. Gen. Stat. § 97-2(6).
2. On February 11, 2008, plaintiff unjustifiably refused suitable employment when she failed to return to a light-duty position approved by her treating physician and made available to her by defendant-employer. N.C. Gen. Stat. § 97-32.
3. Plaintiff has not carried her burden of proving any additional disability beyond February 11, 2008. See Russell v. Lowes Prod.Distrib., 108 N.C. App. 762, 425 S.E.2d 454 (1993).
4. Plaintiff is not entitled to additional medical treatment or diagnostic testing. N.C. Gen. Stat. § 97-25.
5. As a result of her compensable injury, plaintiff sustained a 1.5% permanent partial impairment to the back. N.C. Gen. Stat. § 97-31(23). *Page 8 
6. Defendants have overpaid plaintiff weekly benefits totaling $2,628.43 from February 13, 2008, through April 3, 2008 and are, thus, entitled to a credit for the same. N.C. Gen. Stat. § 97-42.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff is entitled to permanent partial impairment benefits for a 1.5% impairment rating to the back totaling $1,655.91.
2. Defendants have already paid plaintiff for this award, as defendants have overpaid temporary total disability benefits by $2,681.00. Accordingly, defendants' overpayment now totals $972.52, and may be recouped out of any future award or settlement.
3. Defendants shall pay the costs.
This __ day of May 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1